UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 0:13-cv-45-KKC

CHRISTINA FAYE MCCLAIN                                                PLAINTIFF

v.                             **OPINION & ORDER**

CAROLYN W. COLVIN,
Acting Commissioner of Social Security                         DEFENDANT

\* \* \* \* \* \* \* \* \*

The plaintiff, Christina Faye McClain, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying her claim for Social Security benefits. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence and was decided by proper legal standards..

**I. OVERVIEW OF THE PROCESS**

In determining whether a claimant has a compensable disability under the Social Security Act, the regulations provide a five-step sequential evaluation process which the administrative law judge must follow. 20 C.F.R. § 404.1520(a)-(e); *see Walters v. Commissioner of Social Security*, 127 F.3d 525, 529 (6th Cir. 1997). The five steps, in summary, are as follows:

(1)     If the claimant is currently engaged in substantial gainful activity, she is not disabled.

(2)     If the claimant is not doing substantial gainful activity, her impairment must be severe before she can be found disabled.

(3) If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.

(4) If the claimant's impairment does not prevent her from doing past relevant work, she is not disabled.

(5) Even if the claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc.), she is not disabled.

*Id*. The burden of proof is on the claimant throughout the first four steps of this process to prove that she is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5 (1987). If the administrative law judge reaches the fifth step without a finding that the claimant is disabled, then the burden shifts to the Commissioner to consider her residual functional capacity, age, education, and past work experience to determine if she could perform other work. If not, she would be deemed disabled. 20 C.F.R. § 404.1520(f). Importantly, the Commissioner only has the burden of proof on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999).

The decision of the Commissioner must be supported by substantial evidence. *Varley v. Secretary of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). Once the decision of the Commissioner is final, an appeal may be taken to the United States District Court pursuant to 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to the proper legal standards. *See Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a mere scintilla of evidence but less than a preponderance; it is

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. In reviewing the decision of the Commissioner, courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id*. Rather, the Court must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the Court might have decided the case differently. *See Her*, 203 F.3d at 389-90. However, the court must review the record as a whole, and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

## II.     THE ADMINISTRATIVE PROCESS

McClain filed her claims for period of disability and disability insurance benefits and Supplemental Security Income on June 30, 2010 [TR 161-66, 167-73]. She claims that she became disabled and unable to work on January 15, 2009 due to chronic pain in her hip, back and knees; obesity; urinary frequency status post two bladder surgeries; vision impairment; epilepsy; a history of pulmonary embolism; and mental limitations due to anxiety, depression, and post traumatic stress disorder following childhood abuse, family conflict, and a home burglary [TR 210-11, 257-65]. McClain is a college graduate with past relevant work as a cashier, food preparation worker, certified nursing assistance, dorm cleaner, and library assistant [TR 45-46]. On the onset date of her alleged disability, McClain was thirty-eight years old [TR 147].

Her initial claim was denied, and McClain subsequently requested a hearing before an Administrative Law Judge ("ALJ") [TR 112, 115]. A hearing was held on August 16, 2012 [TR 34-50]. At the hearing, the ALJ heard testimony from McClain and the vocational expert ("VE") Anthony Michael. After considering all the evidence in the administrative record, including the

3

testimony of McClain and the VE, the ALJ issued a decision finding McClain not disabled on August 28, 2012 [TR 19-28].

In reaching his decision, the ALJ first determined that McClain meets the insured status requirements of the Social Security Act through December 31, 2011 [TR 21]. The ALJ then began his analysis at step one by determining that McClain has not engaged in substantial gainful activity since January 15, 2009 ( the alleged onset date) [TR 21].

At step two, the ALJ found that McClain suffers from the following severe impairments: morbid obesity, epilepsy, history of pulmonary embolism, reduced visual acuity, an anxiety disorder not otherwise specified, and a depressive disorder not otherwise specified [TR 21]. Continuing on to the third step, the ALJ determined that these impairments or combination of impairments are not associated with clinical signs and findings that meet or equal in severity any of the listed impairments [TR 22]. *See* 20 C.F.R. pt. 404, subpt. p, app'x 1. Next, the ALJ determined McClain's residual functional capacity, or RFC. An RFC is the assessment of a claimant's maximum remaining capacity to perform work-related activities despite the physical and mental limitations caused by the claimant's disability. 20 C.F.R. § 404.1545(a)(1), 416.945(a)(1). In this case, the ALJ found that McClain has the RFC to perform the exertional and nonexertional demands of light work, with the following exceptions:

> she can never climb ladders, ropes, or scaffolds; and she can occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl. She should avoid concentrated exposure to irritants such as dust, fumes, odors, gases, and poorly ventilated areas; and all exposure to hazards such as moving machinery and unprotected heights. She can perform tasks requiring frequent depth perception and frequent near and far acuity in the left eye. She is able to understand, remembers, and carry out simple instructions in low stress occupations (defined as only occasional decision-making, occasional changes in the work setting, and only occasional judgment). She can have

4

occasional interaction with the public and frequent interaction with coworkers and supervisors.

[TR 24].

The fourth step requires the ALJ to determine whether, based on her RFC, the claimant can return to her past relevant work. In this case, the ALJ relied on the testimony of the VE. When asked if a hypothetical individual with McClain's RFC and vocational factors could return to any of her past relevant jobs, the VE opined that they could not [TR 47]. Based on this testimony, the ALJ concluded that McClain could not return to her past relevant work, and then continued to the fifth step of the sequential evaluation process. At this step, the ALJ questioned the VE as to whether an individual with McClain's RFC and vocational factors could perform other jobs that exist in significant numbers in the national economy. The VE identified the jobs of hotel maid, sorter, and inspector as jobs that the hypothetical individual with McClain's RFC and vocational factors could perform, and noted that these jobs exist in significant numbers in the national economy [TR 47-48]. As a result, by order dated August 28, 2012, the ALJ found McClain not disabled and thus denied her applications [TR 19-28].

McClain subsequently requested review by the Appeals Council [TR 14]. The Appeals Council denied her request for review on February 15, 2013 [TR 1-3]. Therefore, McClain has exhausted her administrative remedies and filed a timely action in this Court. This case is now ripe for review under 42 U.S.C. § 405(g).

## III. ANALYSIS

The Court now turns to McClain's arguments on appeal. McClain first argues that the ALJ

failed to consider her urinary incontinence as a severe impairment at step two of the sequential evaluation process. This argument fails because the ALJ did not find McClain not disabled at step two. Rather, the ALJ concluded that McClain had other severe impairments and continued on with his analysis [TR 21]. The fact that the ALJ found other severe impairments but did not include urinary incontinence is irrelevant because a failure to find that a particular impairment was severe is not reversible error if the ALJ found other severe impairments. *See Maziarz v. Secretary of Health and Human Services*, 837 F.2d 240, 244 (6th Cir. 1987); *McGlothin v. Commissioner of Social Security*, 2008 WL 4772077, at *6 (6th Cir. Oct. 31, 2008)(noting it became "legally irrelevant" that an ALJ determined some impairments not severe because the ALJ found the claimant had some severe impairments and proceeded to complete the remaining steps of the sequential evaluation process).

Nevertheless, McClain argues that this Court should now consider medical information submitted to the Appeals Council to find that the ALJ should have found her urinary incontinence to be a severe impairment. The Court, however, is not permitted to consider this evidence as part of its substantial evidence review. *Foster v. Halter,* 279 F.3d 348, 357 (6th Cir. 2001). The Court may only consider evidence submitted to the Appeals Council to determine whether the evidence satisfies the criteria for remand under sentence six of 42 U.S.C. § 405(g). *See Ferguson v. Commissioner of Social Security*, 628 F.3d 269, 276 (6th Cir. 2010); *Foster*, 279 F.3d at 357. In order to be eligible for a remand under sentence six, a claimant must show that the evidence submitted to the Appeals Council is new and material and that she has good cause for not presenting it to the ALJ. *See Ferguson*, 628 F.3d at 276; *Foster*, 279 F.3d at 357. Additionally, the claimant

must show that there is a reasonable probability that the ALJ would have reached a different decision if presented with the new evidence. *Id*.

The evidence submitted to the Appeals Council relates to treatment McClain received after the ALJ's decision. It is not material because "[e]vidence of a subsequent deterioration or change in condition after the administration hearing is deemed immaterial." *Wyatt v. Secretary of Health & Human Servs.*, 974 F.2d 680, 685 (6th Cir. 1992)(citations omitted). Only evidence which is probative of the claimant's condition during the time period at issue before the ALJ is material. *See Sizemore v. Secretary of Health & Human Servs.*, 865 F.2d 709, 712 (6th Cir. 1998). Thus, this evidence does not satisfy the materiality requirement.

While the evidence may be deemed "new," the mere fact that evidence at issue was not in existence at the time of the ALJ decision does not establish good cause. *Perkins v. Apfel*, 14 Fed.Appx. 593, 598, 2001 WL 845704, at *6 (6th Cir. Jul. 17, 2001). The Sixth Circuit has taken a hard line on this requirement - there simply must be some showing of good cause. *Id*. McClain fails to present any evidence of good cause. Without such a showing, a remand for further consideration is not warranted.

Next, McClain argues that the ALJ failed to properly consider her obesity in violation of Social Security Ruling ("SSR") 02-1p. *See* 2002 WL 34686281 (September 12, 2002). This ruling explains the Social Security Administration's policy on the evaluation of obesity. Although obesity is no longer considered a "listed impairment," the ruling "remind[s] adjudicators that the combined effects of obesity with other impairments can be greater than the effects of each of the impairments considered separately." *Id*. at *1. This ruling, however, does not mandate a particular mode of analysis. It merely directs an ALJ to consider the claimant's obesity, in combination with other

7

impairments, at all stages of the sequential evaluation. *Bledsoe v. Barnhart*, 165 Fed.Appx. 408, 411-12 (6th Cir. 2006).

The record shows that the ALJ sufficiently accounted for the effect that obesity has on McClain's ability to work. He found her "morbid obesity" to be a severe impairment [TR 21] and discussed her obesity multiple times throughout his findings of fact, noting that her "physical impairments are exacerbated by her morbid obesity" [TR 26]. Furthermore, when assigning an RFC to McClain, the ALJ considered the consultative examination by State agency physician Naushad Hazig, M.D., who recorded her height at 5 feet, 1 inch, her weight at 297 pounds, and described her as "morbidly obese" [TR 423]. The ALJ also relied upon the RFC findings of State agency physician Jack Reed, M.D. whose findings were considered in light of her "body habitus and BMI of 56" [TR 60]. By utilizing the opinions of these and other physicians in fashioning McClain's RFC, the ALJ incorporated the effect that her obesity has on her ability to work into the RFC he fashioned. *See Bledsoe*, 165 Fed.Appx. at 412 (noting that an ALJ does not need to make specific mention of obesity if he credits an expert's report that considers obesity); *Skarbek v. Barnhart*, 390 F.3d 500, 504 (7th Cir .2004)(stating "although the ALJ did not explicitly consider [claimant's] obesity, it was factored indirectly into the ALJ's decision as part of the doctors' opinions"). Given the ALJ's discussion of McClain's obesity throughout his findings of fact and his use of RFCs from physicians who explicitly considered McClain's obesity, the ALJ properly accounted for the effect that obesity has on McClain's ability to work in accordance with SSR 02-1p.

For her third alleged error, McClain contends that the ALJ erroneously evaluated her subjective assessment of the severity of her pain and the extent to which it affects her RFC. In determining McClain's RFC, the ALJ noted that he:

considered and made reductions based upon the claimant's demeanor as a witness. The undersigned was able to observe the claimant while she testified, her demeanor, the way she answered questions and all the other factors that go into assessing a witness' credibility. Considering these factors, I found her credibility as a witness to be fair and her demeanor during the hearing consistent with the limitations established in her residual functional capacity. The claimant testified that she experiences near constant pain, but she has not sought treatment or reported such symptoms despite seeing physicians on a fairly regular basis. Her failure to mention such complaints to her physicians indicates less severity than alleged. While she reported her ability to sense when she needs to urinate has not been normal since her surgery, the treatment notes show she told her physician she was doing well with no symptoms following surgery. There is also little evidence for treatment of depression and anxiety. The claimant did not return for treatment in November 2011. Before that, she had not sought treatment for over four years. Finally, the claimant's physical impairments are exacerbated by her morbid obesity. It appears that the claimant has exaggerated the severity of her symptoms and limitations to a certain extent.

[TR 26].

When a claimant alleges disability based on her subjective complaints, she must present objective medical evidence of an underlying medical condition. *See* 20 C.F.R. §§ 404.1529(a), (b), 416.929(a); SSR 96-7p, 61 Fed.Reg. 34,483-01 (July 2, 1996); *Walters*, 127 F.3d at 531. Once a claimant establishes that she has an impairment that could reasonably be expected to produce her alleged symptoms, the ALJ must evaluate the intensity and persistence of the claimant's alleged symptoms and their effect on her ability to work. *See* 20 C.F.R. §§ 404.1529(c), (d), 416.929(c), (d); SSR 96-7p; *Walters*, 127 F.3d at 531. "The absence of sufficient objective medical evidence makes credibility a particularly relevant issue, and in such circumstances, this court will generally defer to the Commissioner's assessment when it is supported by an adequate basis. *Walters*, 127 F.3d at 531. The ALJ is in the best position to observe the demeanor of a claimant and to evaluate the credibility of their testimony in light of the record. *Gooch v. Secretary of Health & Human Servs.*, 833 F.2d

9

589, 592 (6th Cir. 1988). Upon review, the Court finds that there is substantial evidence to support the ALJ's credibility determination.

Despite her numerous alleged disabilities, McClain has failed to provide objective medical evidence confirming the severity of her alleged symptoms, and the record as a whole does not indicate that her condition was of disabling severity. *See* 20 C.F.R. §§ 404.1529(c), 416.929(c); SSR 96-7p; *Walters*, 127 F.3d at 531-32. The examinations and diagnostic studies contained in the record simply do not reveal objective medical findings to support McClain's disabling limitations. She argues that the ALJ took adverse inferences from her lack of pursuit of medical treatment without considering her explanation that she was unable to afford the treatment. However, the Sixth Circuit has held that general assertions regarding a claimant's inability to pay for additional tests or services that might have supported her claim are insufficient. *Gooch*, 833 F.2d at 592. While "an inability to pay for medical services may result in less than optimum documentation of a plaintiff's condition, . . . the reviewing court must work with the medical record presented to it." *Policoro v. Commissioner of Social Security*, 2010 WL 3779910 at * 6, n. 8 (W.D.Mich. March 22, 2010). "It is doubtless true that a more affluent patient might have obtained a more detailed medical record, but it does not necessarily follow that such a record would have compelled a conclusion that the claimant was disabled." *Gooch*, 833 F.2d at 592. The Court must work with the record before it. A review of the record supports the ALJ's determination that McClain's subjective complaints are not backed up by objective medical findings sufficient to support more disabling limitations. Accordingly, substantial evidence supports the ALJ's credibility findings.

Next, McClain argues that the ALJ erroneously relied on the VE's response to an inaccurate and/or incomplete hypothetical RFC at step five in concluding that she could perform other work that

exists in the national economy. Specifically, McClain contends that the hypothetical question to the VE should have included her need to use the bathroom every 30 minutes and limitations on her ability to remember and carry out instructions. However, these additional limitations were not included in the ALJ's hypothetical question to the VE because the ALJ found these limitations were not supported by the record. The ALJ was only required to incorporate into the hypothetical question those limitations he found credible. *See Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993).

The ALJ's RFC findings are supported by substantial evidence. McClain contends that the RFC should have included limitations on her ability to concentrate and pay attention. The ALJ, however, relied on the opinion of Geraldo C. Lima, M.D., a consultative examiner, to establish McClain's mental RFC. Dr. Lima conducted a psychological assessment of McClain in December 2011 and noted that she drove herself to the appointment, was fairly well groomed, appropriately attired, had a cooperative attitude, spoke coherently, and had a logical thought process [TR 488]. She was oriented to place, person, time and situation [TR 488]. He determined that she could understand and remember simple instructions but may have difficulty recalling instructions, and that she could concentrate well, could complete tasks in a normal amount of time, would not do well in social contexts, and had a reduced ability to cope with stressors in a work environment [TR 491]. Relying on this opinion, the ALJ concluded that McClain could understand, remember, and carry out simple instructions in a low stress occupation, can occasionally interact with the public, and can frequently interact with co-workers and supervisors [TR 24]. Dr. Lima's opinion provides substantial evidence in support of the limitations included in the hypothetical question presented to the VE.

McClain also alleges that the ALJ's RFC should have included her need to use the restroom every thirty minutes. In support of this argument, she cites evidence from her treating doctor, Eugene Greenburg, M.D., who noted in August 2012 that she was recovering from surgery and has "urinary frequency every 30-40 minutes" [TR 912]. The ALJ considered this evidence, however, finding it "apparent the physician was referring to the claimant's limitations over the short-term, while she was healing" [TR 26]. She has not pointed to any other evidence available to the ALJ to suggest that her urinary frequency required further limitations on her RFC. In developing McClain's RFC, the ALJ gave great weight to the state agency medical consultants, including Dr. Reed and Dr. Hazig, who did not recommend any limitations resulting from urinary frequency.

Finally, McClain argues that the VE's testimony was inconsistent with the Dictionary of Occupational Titles (DOT). However, a review of the transcript reveals that the ALJ specifically asked the VE if his testimony was consistent with the DOT [TR 50]. The VE testified that his testimony was consistent with the DOT, and McClain's counsel did not question the VE or identify any inconsistency between the VE's testimony and the DOT at the hearing [TR 48-49]. Thus, there was no requirement for the ALJ to further question the VE regarding the alleged inconsistency between his testimony and the DOT. *See Lindsley v. Commissioner of Social Security*, 560 F.3d 601, 606 (6th Cir. 2009).

In sum, McClain has failed to meet her burden of proving that her condition caused more disabling limitations than those found by the ALJ. The ALJ properly considered the relevant evidence and properly analyzed all the evidence in accordance with the sequential evaluation process. As set out above, substantial evidence supports the ALJ's findings and his conclusion that McClain is not disabled within the meaning of the Social Security Act.

## IV. CONCLUSION

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1) the plaintiff's motion for summary judgment [DE #17] is **DENIED**;

(2) the defendant's motion for summary judgment [DE #19] is **GRANTED**;

(3) the decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

(4) a judgment consistent with this Opinion & Order will be entered contemporaneously.

This August 19, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY